# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **CHEYENNE STOKES** | : |
| 533½ Berlin Rd. Apt I | : |
| Huron, Ohio 44839 | : |
| | : |
| Plaintiff, | : CASE NO. 3:21-cv-371 |
| | : |
| v. | : JUDGE |
| | : |
| | : MAGISTRATE JUDGE |
| **OHIO TRUCK SALES, LLC** | : |
| 1801 George St. | : |
| Sandusky, OH 44870 | : |
| | : **Jury Demand Endorsed Herein** |
| | : |
| | : |
| Defendant. | : |

## COMPLAINT

NOW COMES Plaintiff Cheyenne Stokes ("Plaintiff") and proffers this Complaint for damages against Defendant Ohio Truck Sales, LLC ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Erie County, Ohio.

2. Defendant Ohio Truck Sales, LLC is an Ohio Limited Liability Company doing business in the Northern District of Ohio.

3. Plaintiff was an employee of Defendant as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

4. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and the Ohio Civil Rights Act, R.C. § 4112.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Laws of Discrimination. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Northern District of Ohio.

## FACTUAL BACKGROUND

7. Plaintiff was hired by Ohio Truck Sales as an Operations Clerk on or around December 2, 2019.

8. Because of her exceptional performance, Plaintiff was promoted twice – first to Data Analyst then to Production Planner. Both promotions were accompanied by pay raises. Plaintiff's employment was devoid of any significant performance or disciplinary issues.

9. At the time of her termination, Plaintiff was the only woman in the production department and on the floor that she worked on. Her department consisted of over 20 male employees.

10. As the only woman, Plaintiff experienced harassment and discrimination that the other employees did not face.

11. In beginning of August 2020, Detail Manager, Brandon Cooksey said, "your ass looks really nice in those jeans."

12. Also, at this time, Plaintiff had a spot on the back side of her pants. She asked Mr. Cooksey what the spot was and if he could help her remove it. He then touched the spot, which was located on her bottom.

13. After this incident, Plaintiff heard from other employees that Mr. Cooksey bragged about the occurrence, saying, "I got to touch her ass." This made Plaintiff feel humiliated and uncomfortable.

14. Plaintiff reported this incident to HR Assistant, Leah Dwight.

15. At another point in August, when another employee, Matthew McCowan, was frustrated with Plaintiff, Mr. McCowan punched a computer and cussed at Plaintiff.

16. Plaintiff became frightened and feared that she might be physically hurt by Mr. McCowan. Later that day, when she walked past Mr. McCowan's workstation, Plaintiff heard a loud bang and believed Mr. McCowan had thrown something as she walked by, which again severely frightened her.

17. She then reported this incident to Production Director, Lauren Kandel, who is also a male.

18. After management reviewed the security camera footage of the incident and heard about Mr. McCowan punching the computer, Mr. McCowan was terminated. But management never addressed the incident nor published a statement to the staff condemning the behavior.

19. After Mr. McCowan was terminated, Plaintiff felt like the other men were out to get her and made the working environment almost intolerable for her.

20. At one point, during an interaction with Tanks Manager, Mark Wright, Mr. Wright yelled at Plaintiff and said, "walk away before you get someone else fired…Get. Get walking. Go!"

21. Plaintiff again felt unwelcome and uncomfortable, so she reported this incident to Purchasing Manager, Bill Broski, and Mr. Kandel. Plaintiff reiterated to them that she loved her new position, but that she should not have to fear coming into work because of the intimidating environment.

22. Then during a meeting with Mr. Broski and Mr. Kandel, Mr. Broski acted condescending and rude towards Plaintiff. At one point he said, "Good luck. Your schedule isn't going to get 60 trucks out like mine did."

23. After the meeting, Mr. Kandel spoke with Plaintiff and addressed Mr. Broski's condescending and humiliating treatment of Plaintiff, calling it "inappropriate." But again, management never sought to remedy the poor treatment that Plaintiff received, as it did not issue any disciplinary action or send the message that such conduct would not be tolerated. Because it did not do so, the treatment continued.

24. On or around October 1, when Plaintiff walked downstairs into the Parts Department, Parts Assistant, Aaron L.N.U. yelled at her saying, "Get the fuck back upstairs! What are you doing down here? You're so annoying bro! Get back upstairs!"

25. Plaintiff again reported this incident to Mr. Broski and Mr. Kandel. Mr. Broski responded, stating, "I just don't know what to do here."

26. Plaintiff also expressed her concern that she may be terminated because she continually reported the discriminatory behavior. Mr. Broski said, "We wouldn't do that."

27. That same day, Plaintiff was invited to lunch with Mr. Broski, Mr. Kandel and CEO, Christopher Andrews. There, Mr. Kandel told Plaintiff that he was not going to let her fail, that he trusted her abilities, and that the team was strong with Plaintiff in her position.

28. The next day, on October 2, while Plaintiff was speaking with the Mr. Andrews about the future and direction of the company, she brought up the incident where Mr. Cooksey bragged about touching Plaintiff's "ass."

29. Plaintiff expressed that, because of this incident, she would not feel comfortable working closely with Mr. Cooksey.

30. Then, just a few hours later, after Plaintiff returned from a doctor's appointment, she was met by HR Director, Shelli Fridenstine, who told her that she was "not a good fit for the team."

31. Plaintiff was terminated and told to leave the premises despite being promoted just two weeks earlier.

**COUNT I - TITLE VII**
**Gender Discrimination**

32. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

33. Defendant engaged in conduct that violates Title VII prohibiting sex discrimination by discriminating against Plaintiff and terminating her because of her gender.

34. Plaintiff is female and is therefore a member of a protected class

35. Plaintiff was subjected to an adverse employment action as Defendant terminated her.

36. As the only woman in her department, Plaintiff was subjected to continual harassment by her male coworkers and was harassed because she continued to stand up for herself and report the hostile treatment she was being subjected to.

37. Plaintiff was qualified for her position because she was promoted two weeks prior and told that the team was strong with Plaintiff in her position.

38. Similarly-situated, non-protected individuals were not subjected to the same harassment as Plaintiff nor were they terminated after complaining about sexual harassment and/or harassment and hostile work environment based on gender.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

40. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT II - TITLE VII
**Sexual Harassment: Hostile Work Environment and Termination**

41. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

42. Defendant engaged in conduct that violates Title VII prohibiting sex discrimination by sexually harassing and assaulting Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sex, by refusing to remedy the situation and provide a reasonable and non-hostile work environment, and terminating Plaintiff after

Plaintiff complained about the environment of sexual harassment and harassment based on sex.

43. Plaintiff was subjected to unwelcomed sexual harassment when Defendant's employee, Mr. Cooksey, bragged about touching Plaintiff's "ass."

44. As the only female in her department, Plaintiff was subject to continual harassment, beratement, and verbal abuse from male employees.

45. Plaintiff continually reported the sexual harassment and hostile work environment because of gender to Defendant.

46. The harassment was based on Plaintiff's sex.

47. The harassment unreasonably interfered with Plaintiff's work performance because she was frightened coming to work because the environment was hostile and abusive.

48. The harassment was sufficiently severe or pervasive enough to create a hostile or offensive working environment because Plaintiff felt unsafe and because Plaintiff was verbally abused because of her gender.

49. Defendant knew or should have known of the charged sexual harassment and hostile environment because Plaintiff reported it to Defendant on multiple occasions.

50. Defendant failed unreasonably to take prompt and appropriate corrective action because it never condemned nor tried to prevent the hostile environment.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

52. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT III - TITLE VII
### Retaliation

53. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

54. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

55. Defendant was aware that Plaintiff engaged in a protected activity, as she reported the sexual harassment and hostile work environment on multiple occasions.

56. Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, terminating her, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

57. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, pain and suffering and the loss of salary, benefits, and other terms, privileges, and conditions of her employment for which Defendant is liable.

58. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT IV- Ohio Civil Rights Act
### Gender Discrimination

59. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

60. Defendant engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by discriminating against Plaintiff and terminating her because of her gender.

61. Plaintiff is female and is therefore a member of a protected class

62. Plaintiff was subjected to an adverse employment action as Defendant terminated her.

63. As the only woman in her department, Plaintiff was subjected to continual harassment by her male coworkers.

64. Plaintiff was qualified for her position because she was promoted to her position two weeks prior and told that the team was strong with Plaintiff in her position.

65. Similarly-situated, non-protected individuals were not subjected to the same harassment as Plaintiff nor were they terminated after complaining about sexual harassment.

66. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

67. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT V - Ohio Civil Rights Act
### Sexual Harassment: Hostile Work Environment and Termination

68. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

69. Defendant engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by sexually harassing and assaulting Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sex, by refusing to remedy the situation and provide a reasonable and non-hostile work environment, and terminating Plaintiff after Plaintiff complained about the environment of sexual harassment and harassment based on sex.

70. Plaintiff was subjected to unwelcomed sexual harassment when Defendant's employee, Mr. Cooksey, bragged about touching Plaintiff's "ass."

71. As the only female in her department, Plaintiff was subject to continual harassment, beratement, and verbal abuse from male employees.

72. Plaintiff continually reported the sexual harassment and hostile work environment because of gender to Defendant.

73. The harassment was based on Plaintiff's sex.

74. The harassment unreasonably interfered with Plaintiff's work performance because she was frightened coming to work because the environment was hostile and abusive.

75. The harassment was sufficiently severe or pervasive enough to create a hostile or offensive working environment because Plaintiff felt unsafe and because Plaintiff was verbally abused because of her gender.

76. Defendant knew or should have known of the charged sexual harassment and hostile environment because Plaintiff reported it to Defendant on multiple occasions.

77. Defendant failed unreasonably to take prompt and appropriate corrective action because it never condemned nor tried to prevent the hostile environment.

78. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

79. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT VI - Ohio Civil Rights Act
### Retaliation

80. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

81. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

82. Defendant was aware that Plaintiff engaged in a protected activity, as she reported the sexual harassment and hostile work environment on multiple occasions.

83. Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, terminating her, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

84. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, pain and suffering and the loss of salary, benefits, and other terms, privileges, and conditions of her employment for which Defendant is liable.

85. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(*Rachel@TheFriedmannFirm.com*)
Peter G. Friedmann (0089293)
(*Pete@TheFriedmannFirm.com*)
**The Friedmann Firm LLC**
**(614) 610-9757**
1457 South High Street
Columbus, Ohio  43207

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*

Rachel Sabo Friedmann (0089226)