IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cheyenne Stokes, | 3:21-cv-00371 |
| Plaintiff, | Judge James G. Carr |
| v. | **ORDER** |
| Ohio Truck Sales, LLC, | |
| Defendant. | |

This is an employment discrimination case in which defendant, at my *sua sponte* request (Doc. 16, pgID 206), has submitted a supplemental motion for summary judgment. (Doc. 18). Plaintiff has filed an opposition (Doc. 19), and defendant has filed a reply (Doc. 20).

In an earlier order, I granted defendant's original motion for summary judgment as to plaintiff's gender discrimination and hostile work environment claims. *Stokes v. Ohio Truck Sales, LLC*, 2022 WL 4599254 (Sept. 30, 2022). (Doc. 16, pgID 206).

I did so on two grounds. First, in contravention of the requirements of Fed. R. Civ. P. 56(c), her opposition relied exclusively on the allegations in her unverified complaint. *Stokes*, 2022 WL 4599254, at *4 (*citing, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). (Doc. 16, pgID 195–96).

Second, ignoring that terminal weakness in plaintiff's opposition, I concluded that those claims were meritless. *Stokes*, 2022 WL 4599254, at *4–9; (Doc. 16*, pgID 196–206).

That left plaintiff's retaliation claim. To ascertain whether plaintiff could support the allegations in her complaint as to that claim, I, *sua sponte,* granted defendant leave to file a supplemental motion for summary judgment. *Stokes*, 2022 WL 4599254, at *9; (Doc. 16, pgID

1

206). Defendant has done so. (Doc. 18). Plaintiff opposes the motion (Doc. 19), and defendant has filed a reply (Doc. 20).

Here again, plaintiff's opposition does not go beyond the allegations of her unverified complaint. She fails to comply with Fed. R. Civ. P. 56(c). Accordingly, defendant is entitled to summary judgment on that basis alone.

Nonetheless, as in my earlier opinion, I have considered the parties' arguments as to the merits of plaintiff's retaliation claim, which I find lacking. As the owner's deposition shows, defendant fired plaintiff on the same day that she, according to the complaint, arguably had complained about her hostile work environment. So, solely for purposes of this order, I assume she could have made out a *prima facie* claim of retaliation.

I therefore turn to pretext. The owner's deposition makes indisputably clear that he, with reservations, had granted a subordinate's request that plaintiff be promoted to Production Manager. Previously, she had been a Data Analyst. That job required minimum contact with her fellow employees and was largely clerical in nature.

In her new position, she played a major role in ensuring that daily production quotas were being met. This meant that the company had to complete the refurbishing of five used trucks per day for resale. Her rate was one per day. There was a meeting at which the owner made clear that three per day was the minimum. Failure to meet quota was costing the company tens of thousands of dollars.

After that meeting, the owner asked plaintiff how many trucks would get out that day. "One," she answered. Nonetheless, the defendant did not fire her then and there. As time passed, matters did not improve. So the owner told his Human Resources Director to fire the plaintiff.

As it happened, he did so on the same day that, according to the complaint and plaintiff's otherwise unsupported argument, she had complained to the HR Director putatively about an employee whom she believed made her uncomfortable based on her gender.

Even assuming that the HR complaint constituted an exercise of her Title VII rights, plaintiff has offered no evidence that the owner was aware that she had done so.

In any event, assuming, as I said above, that plaintiff made out a *prima facie* case, she has failed to rebut the defendant's emphatic expression of legitimate, nondiscriminatory grounds for her termination.

It is, accordingly, hereby

ORDERED THAT defendant's supplemental motion for summary judgment (Doc. 18) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge